IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RILEY OLIVE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3181 |
| | § | |
| CLAY DEVELOPMENT & CONSTRUCTION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM & ORDER

Pending is Defendant Clay Development and Construction's Rule 12(b)(6) Motion to Dismiss (Document No. 10). Plaintiff has filed no response, and the motion is therefore deemed unopposed pursuant to Local Rule 7.4. After carefully considering the motion and applicable law, the Court concludes as follows.

I. Background

Pro se Plaintiff Riley Olive ("Plaintiff") appears to allege retaliation and age discrimination against Defendant Clay Development and Construction ("Defendant"). His written Complaint, however, consists of the Charge of Discrimination and other documents he filed in the Equal Employment Opportunity Commission ("EEOC"), his Right to Sue letter received from the EEOC, and a signed document stating, "Presented is documentation to the court of the Southern District of Texas on the claim of "Wrongful Termination"; by the virtue, **Breach of Implied Contract, Breach of**

*the Covenant on good faith and Dealings.*"[1]  (emphasis in original). The Court considers the factual allegations in these documents to evaluate whether Plaintiff has stated a claim.[2]

Plaintiff began working for Defendant as an orchard manager on a 4,000 acre ranch in September, 2012.[3] Plaintiff alleges that when he arrived on the ranch, the orchard had been damaged and Plaintiff was responsible for replanting it.[4] Plaintiff alleges that he was told he would "have a House built, raises, and proceeds of the crop, as well [as] ownership of some of the property."[5] Plaintiff alleges that "[a] house had burned down on the property before I got there, and I was living in a trailer house with contractors to finish up, before my living quarter was built. Was told by **December** at interview, they would be done and would start on where I would live."[6] Plaintiff alleges that he did more than

---

[1] Document No. 1-1.

[2] "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976); FED. R. CIV. P. 8(f)).

[3] Id. at 8 of 12.

[4] Id.

[5] Id. at 9 of 12.

[6] Id. (emphasis in original).

2

was expected and helped to reestablish the orchard, but that he never received a raise or housing.[7]

Plaintiff alleges that Robert Clay ("Clay"), the owner of Defendant Clay Development & Construction, never called him by his name, but instead referred to him as "bud" or "this Kid."[8] Plaintiff alleges that on January 12, 2013, he went to ask Clay about a paycheck he had not received, and that when Plaintiff turned his back on Clay, Clay said, "I could kill him right now," and someone else said, "he better run."[9] Plaintiff alleges that as he began to jog away, with his back to Clay, Clay fired three shots from a gun and then continued to fire it.[10] Plaintiff alleges that he received his check two days later and continued working on various projects for Defendant in February and March.[11]

Plaintiff alleges that in April 2013, Clay told Plaintiff "I did try to shoot you," and that on April 26, 2013, Plaintiff reported to the Sheriff's office that Clay had "pulled a gun" on him in January.[12] Plaintiff further alleges that Clay emailed him

---

[7] Id. at 3 of 12.

[8] Id. at 9 of 12.

[9] Document No. 1 at 9 of 12.

[10] Id. ("Three shots were fired, a pause and the rest of the weapon was discharge[d] with a different muzzle velocity.")

[11] Id.

[12] Id. at 10 of 12.

that day, telling him that the Sheriff had spoken to Clay and that Plaintiff was terminated.[13]

Plaintiff filed a "Charge of Discrimination" with the EEOC on September 4, 2013,[14] and the EEOC issued its Right to Sue letter on September 30, 2013.[15] Plaintiff timely filed suit in this Court. Plaintiff appears to allege wrongful termination based on retaliation and age discrimination, assault, breach of implied contract, and breach of the covenant of good faith and fair dealing.[16] Defendant moves to dismiss for failure to state a claim.[17]

## II. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the

---

[13] Id.

[14] *See* id. at 3 of 12 to 12 of 12.

[15] Id. at 1 of 12.

[16] Id. at 3 of 12; Document No. 1-1.

[17] Document No. 10.

4

plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

III. Analysis

Plaintiff checked the "age" box on his EEOC discrimination charge, but shows his birth date as July 30, 1988. Thus, when he was fired, Plaintiff was 24 years old. Because Plaintiff is not in the statutorily protected age group, he cannot state a claim for

5

age discrimination. *See* 29 U.S.C. § 631(a); Johnson v. Chase Home Fin., 309 F. Supp. 2d 667, 673 (E.D. Pa. 2004) (dismissing age discrimination claim because plaintiff was less than 40 years old).

Plaintiff also checked the "retaliation" box on his EEOC charge. *See* 42 U.S.C. § 2000e-3. To establish a prima facie case of retaliation, Plaintiff must show that (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. McCoy v. City of Shreveport, 492 F.3d 551, 557 (5th Cir. 2007).

"Title VII does not protect opposition to all forms of unscrupulous conduct. Instead, Title VII protects only opposition to discrimination based on race, color, religion, sex, or national origin." Brown v. United Parcel Serv., Inc., 406 F. App'x 837, 840 (5th Cir. 2010) (citations and internal quotation marks omitted). The Fifth Circuit "ha[s] consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." Davis v. Dallas Indep. Sch. Dist., 448 F. App'x 485, 493 (5th Cir. 2011) (collecting cases).

Plaintiff asserts that Defendant fired him after he reported the alleged shooting incident to the Sheriff's office. Plaintiff has not alleged that this report to law enforcement had any relationship to discrimination based on race, color, religion, sex,

or national origin. Plaintiff therefore fails to state a claim for retaliation under Title VII. *See* <u>Harris-Childs v. Medco Health Solutions, Inc.</u>, 169 F. App'x 913, 916 (5th Cir. 2006) (finding no retaliation claim where "Appellant does not allege that she specifically complained of racial or sexual harassment, only harassment").

Both Plaintiff and Defendant are non-diverse citizens of the State of Texas. The Court therefore only has original jurisdiction over Plaintiff's federal claims against Defendant. Plaintiff's remaining allegations of assault, breach of implied contract, and breach of the covenant of good faith and fair dealing are state law claims under Texas law. The Court, in its discretion, declines to exercise supplemental jurisdiction over these remaining state law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); <u>Oliver v. Lewis</u>, 891 F. Supp. 2d 839, 843 (S.D. Tex. 2012) (Rosenthal, J.) ("The 'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are eliminated from a case before trial. . . . When a federal-law claim is 'eliminated at an early stage of the litigation, the District Court has a powerful reason to choose not to continue to exercise jurisdiction.'") (quoting <u>Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.</u>, 554 F.3d 595, 602 (5th Cir.

2009); Enochs v. Lampasas County, 641 F.3d 155, 161 (5th Cir. 2011)). Plaintiff's state law claims are therefore dismissed without prejudice to refiling them in state court.

## IV. Order

For the foregoing reasons, it is

ORDERED that Defendant Clay Development & Construction's Rule 12(b)(6) Motion to Dismiss (Document No. 10) is GRANTED as to all federal discrimination claims under Title VII and the Age Discrimination in Employment Act, and those claims are DISMISSED with prejudice; and all state law claims alleged or implied by Plaintiff for assault, breach of contract or implied contract, breach of the covenant of good faith and fair dealing, and the like, are DISMISSED without prejudice to being refiled in the appropriate state court.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 12TH day of March, 2014.

*Ewing Werlein, Jr.*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE